**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5444-17T2

G.M.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES and ATLANTIC
COUNTY BOARD OF
SOCIAL SERVICES,

     Respondents-Respondents.

_____

        Submitted October 22, 2019 – Decided November 12, 2019

        Before Judges Currier and Firko.

        On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

        Cowart Dizzia, LLP, attorneys for appellant (Jenimae Almquist, on the briefs).

        Gurbir S. Grewal, Attorney General, attorney for respondent Division of Medical Assistance and Health Services (Melissa H. Raksa, Assistant Attorney

General, of counsel; Jacqueline R. D'Alessandro,
Deputy Attorney General, on the brief).

PER CURIAM

Petitioner G.M. appeals from the final agency decision of respondent Division of Medical Assistance and Health Services (Division) finding him ineligible for Medicaid benefits. We affirm.

The record in this case reveals petitioner is approximately seventy-three years old, has been diagnosed with Alzheimer's disease, vascular dementia, schizoaffective and bipolar disorders, and he suffered a stroke. On December 19, 2016, the Atlantic County Board of Social Services (Board) notified petitioner that his application was denied because he did not provide the necessary information.

On April 27, 2017, petitioner's designated authorized representative (DAR) submitted a second application for Medicaid benefits on behalf of G.M. By letter dated May 8, 2017, the Board requested information from UBS confirming there was no balance remaining in G.M.'s pension plan, and the Board sought copies of G.M.'s Wells Fargo bank statements for his account ending in 1531 from March 2016 to the present time, which was the account disclosed on his application.

A-5444-17T2

After not receiving the requested information, the Board sent a letter on June 12, 2017, stating the requested information was required within ten days to avoid denial of G.M.'s Medicaid application. A ten-day extension was requested on behalf of G.M. and the Board extended the deadline to July 5, 2017. G.M.'s counsel requested a further deadline extension in a July 3, 2017 letter explaining:

> As you know, Wells Fargo requested additional signed and notarized paperwork on June 5, 2017; those forms have been sent out and we are awaiting a response. With respect to the UBS verification, this office has made daily calls and multiple letter requests to UBS[,] most recently on June 30, 2017 and July 3, 2017. After multiple calls on July 3 in anticipation of the deadline, UBS advised me by phone that [G.M.'s] account has a negative balance and is inactive. UBS also advised that it sent out a recent statement to [G.M.'s] address but that statement has not yet been received. Finally, UBS advised that any additional statements would require a Doctor's note and Affidavit of Agent. We will work on obtaining this documentation.

In response, the Board again extended the deadline to July 15, 2017, cautioning that G.M.'s Medicaid application would be denied if the requested information was not forthcoming, and a new application would have to be submitted.

On July 14, 2017, G.M.'s counsel requested the Board stay the processing of his Medicaid application pending the appointment of a guardian for G.M.,

who was unable to assist in processing the application.[1] The letter advised that C.M.M., who is G.M.'s sister and power-of-attorney (POA), lost several documents and was unable to provide the authorizations requested by Wells Fargo and UBS. After not receiving the requested information within the requested time frame, on July 17, 2017, the Board denied G.M.'s second application under N.J.A.C. 10:71-2.2(e).

Petitioner requested a fair hearing and the matter was transferred to the Office of Administrative Law (OAL) as a contested case. While the hearing was pending, the DAR provided a UBS statement and a statement from a Wells Fargo account ending in 7175, which were not previously disclosed. An Administrative Law Judge (ALJ) conducted a hearing on April 18, 2018. During the hearing, the Board provided explanations for its denial of G.M.'s Medicaid application. No testimony was offered by the DAR. The DAR relied upon her pre-hearing summary detailing the attempts made to obtain the information from Wells Fargo, UBS, and G.M.'s sister, C.M.M., who was ill, and could not locate the relevant documents.

---

[1] On December 21, 2017, Thomas Haynes, Esq. was appointed temporary guardian of G.M. On February 1, 2018, Carl Goloff, Esq. was appointed permanent guardian of G.M.

The ALJ issued an initial decision affirming the denial of petitioner's Medicaid eligibility and stating the DAR presented insufficient evidence that the necessary verifications could not be obtained "due to some medical disability or incapacity of [C.M.M.]." Further, the ALJ determined that C.M.M. and the DAR "should have been able to provide the requisite verifications . . . ."

On June 14, 2018, the Division adopted the ALJ's findings, stating the Board granted "numerous extensions of time to provide the information that could not be obtained through any verification system[,]" and the claim that C.M.M. was incapacitated "is not supported by the record."

This appeal followed. The DAR argues that G.M. and C.M.M.'s compromised medical conditions rendered denial of G.M.'s medical application in eighty-one days contrary to state and federal law, the Board had a duty to assist G.M. by processing his application, and the determination of his Medicaid ineligibility was arbitrary, capricious, and unreasonable.

Appellate review of the Division's final agency action is limited. K.K. v. Div. of Med. Assistance & Health Servs., 453 N.J. Super. 157, 160 (App. Div. 2018). We "defer to the specialized or technical expertise of the agency charged with administration of a regulatory system." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). "[A]n appellate

court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." Ibid.

A presumption of validity attaches to the agency's decision. See Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). The party challenging the validity of an agency's decision has the burden of showing that it was arbitrary, capricious, or unreasonable. J.B. v. N.J. State Parole Bd., 444 N.J. Super. 115, 149 (App. Div. 2016) (citing Aqua Beach Condo. Ass'n v. Dep't of Cmty. Affairs, 186 N.J. 5, 15-16 (2006)). "Deference to an agency decision is particularly appropriate where interpretation of the Agency's own regulation is in issue." I.L. v. Div. of Med. Assistance & Health Servs., 389 N.J. Super. 354, 364 (App. Div. 2006). However, "an appellate court is 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" R.S. v. Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973)).

Medicaid is a federally-created, state-implemented program that provides "medical assistance to the poor at the expense of the public." Estate of

6

DeMartino v. Div. of Med. Assistance & Health Servs., 373 N.J. Super. 210, 217 (App. Div. 2004) (quoting Mistrick v. Div. of Med. Assistance & Health Servs., 154 N.J. 158, 165 (1998)); see also 42 U.S.C. § 1396-1. Although a state is not required to participate, once it has been accepted into the Medicaid program it must comply with the Medicaid statutes and federal regulations. See Harris v. McRae, 448 U.S. 297, 301 (1980); United Hosps. Med. Ctr. v. State, 349 N.J. Super. 1, 4 (App. Div. 2002); see also 42 U.S.C. § 1396a(a) and (b). The state must adopt "'reasonable standards . . . for determining eligibility for . . . medical assistance . . . [that are] consistent with the objectives' of the Medicaid program[,]" Mistrick, 154 N.J. at 166 (first alteration in original) (quoting L.M. v. Div. of Med. Assistance & Health Servs., 140 N.J. 480, 484 (1995)), and "provide for taking into account only such income and resources as are . . . available to the applicant." N.M. v. Div. of Med. Assistance & Health Servs., 405 N.J. Super. 353, 359 (App. Div. 2009) (quoting Wis. Dep't of Health & Family Servs. v. Blumer, 534 U.S. 473, 479 (2002)); see also 42 U.S.C. § 1396a(a)(17)(A)-(B).

New Jersey participates in the federal Medicaid program pursuant to the New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5. Eligibility for Medicaid in New Jersey is governed by regulations adopted

7                                                                    A-5444-17T2

in accordance with the authority granted by N.J.S.A. 30:4D-7 to the Commissioner of the Department of Human Services (DHS). The Division is the agency within the DHS that administers the Medicaid program. N.J.S.A. 30:4D-5, -7; N.J.A.C. 10:49-1.1. Accordingly, the Division is responsible for protecting the interests of the New Jersey Medicaid Program and its beneficiaries. N.J.A.C. 10:49-1.1(b).

N.J.A.C. 10:71-2.2(c) requires Board caseworkers to "[a]ssist the applicants in exploring their eligibility for assistance[,]" and N.J.A.C. 10:71-2.10(a) and (b) require Board caseworkers to conduct a "collateral investigation" to "verify, supplement or clarify essential information." The DAR argues the Board failed to contact his financial institutions to verify his resources, and therefore, erroneously denied his application.

The DAR's argument, however, ignores N.J.A.C. 10:71-2.2(e), which provides:

> As a participant in the application process, an applicant shall:
>
> 1. Complete, with assistance from the Board if needed, any forms required by the Board as part of the application process;
>
> 2. Assist the Board in securing evidence that corroborates his or her statements; and

8

3.  Report promptly any change affecting his or her circumstances.

We agree with the Division's conclusion that nothing in the record shows the Board failed to assist G.M.  Moreover, as the ALJ noted, the Board "granted numerous extensions of time" to G.M. to provide the information that could not be obtained through any verification system.  G.M.'s documents were mailed to his sister C.M.M. as his POA and no evidence was produced to prove she was incapacitated.

Applying the governing standards of review and legal principles, we conclude the Director's findings are supported by sufficient credible evidence in the record, and that the final agency decision was not arbitrary, capricious, or unreasonable.  On the contrary, the final agency decision sustaining the denial of petitioner's Medicaid eligibility was appropriate.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5444-17T2